FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

2006 JUN -9 PM 3: 38

SIGN_____
by DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA LEE NAMIE | DOCKET NO.: 06-403-FJP-SCR |
| VERSUS | JUDGE: _____ |
| STATE OF LOUISIANA THROUGH THE OFFICE OF COMMUNITY SERVICES LIVINGSTON PARISH | MAGISTRATE: _____ |

*************************************************************
**NOTICE OF REMOVAL**
*************************************************************

NOW INTO COURT, through undersigned counsel, comes the State of Louisiana, through the Department of Social Services, Office of Community Services, the named defendant in the above-entitled cause, and appearing solely for the purpose of presenting this Notice of Removal of the above entitled cause to this Honorable Court under the provisions of 28 U.S.C. §1441, et seq., and reserving all rights, respectfully shows as follows:

1.

The civil action, entitled *AMANDA LEE NAMIE VERSUS STATE OF LOUISIANA, THROUGH OFFICE OF COMMUNITY SERVICES LIVINGSTON PARISH* was filed on May 2, 2006 in the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, bearing Docket Number 542,925 Division "D" on the docket of that court.

2.

On May 12, 2006, Defendant received notice of the filing of said suit through the offices of the Department of Social Services and the Attorney General for the State of Louisiana, the proper representatives to receive service on behalf of the Defendant under the terms of La. R.S. 13:5107.

3.

The District Court of the United States has original jurisdiction of this action by virtue 28 U.S.C. §1441 (b), the allegations and claims asserted therein, arising under the Constitution, treaties or laws of the United States–to wit 42 U.S.C. § 12101, et seq., or the statutes known variously as the "Americans With Disabilities Act" (ADA).

4.

Attached to this Notice of Removal is a list of attorneys known to defendants to be involved in this cause, including each attorney's address and telephone number. The Notice of Removal, pursuant to 28 U.S.C. §1446, has been filed within thirty (30) days after notice upon defendants by copy of the initial pleading setting forth a claim for relief against the named defendants.

6.

Attached to this Notice of Removal is a copy of all documents contained in the State Court record as of the date of filing which are as follows:

- (1) Petition;
- (2) Verification; and
- (3) Citation to State of Louisiana, through Office of Community Services Livingston Parish.

7.

Defendants further show unto the Court that immediately upon the filing of this Notice of Removal, a copy of same shall be served upon all adverse parties and a copy filed with the Clerk of the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana, all in accordance with 28 U.S.C. §1446(d).

WHEREFORE, DEFENDANTS, State of Louisiana, through the Department of Social Services, Office of Community Services, pray that further proceedings in Suit No. 542,925 "D" pending in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be discontinued and that the cause of action now pending in that court be removed to the United States District Court for the Middle District of Louisiana, which shall assume full

jurisdiction of this action as provided by law.

>
> CHARLES FOTI
> Attorney General
>
> By _____
> Stephen H. Vogt, T.A. (Bar Roll No. 07706)
> John S. Thibaut, Jr. (Bar Roll No. 12731)
> Special Assistant Attorney General
> Thibaut, Thibaut & Vogt, L.L.P.
> P. O. Box 36
> Baton Rouge, LA 70821-0036
> Telephone: 225-923-3200
> Fax: 225-923-3208

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has been forwarded to the Honorable Doug Welborn, Clerk of Court, 19th Judicial District Court, East Baton Rouge Parish Courthouse, 222 St. Louis Street, Baton Rouge, LA 70802; and plaintiff through her attorney of record, Jill L. Craft, 8702 Jefferson Highway, Suite B, Baton Rouge, LA 70809, by placing same in the United States Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 9th day of June, 2006.

By _____
Stephen H. Vogt

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA LEE NAMIE | DOCKET NO.: _____ |
| VERSUS | JUDGE: _____ |
| STATE OF LOUISIANA THROUGH THE OFFICE OF COMMUNITY SERVICES LIVINGSTON PARISH | MAGISTRATE: _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**VERIFICATION**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATE OF LOUISIANA**
**PARISH OF EAST BATON ROUGE**

BEFORE ME, the undersigned Notary Public, in and for the aforesaid State and Parish, personally came and appeared, **STEPHEN H. VOGT,** who, after being duly sworn, deposed and stated that:

He is the attorney for State of Louisiana, through the Department of Social Services, Office of Community Services in the above and foregoing Notice of Removal; the copies of the documents listed in Paragraph 6 of the Notice of Removal constitute the entire state court record known to him, and all of the allegations of fact contained in the Notice of Removal are true and correct to the best of his knowledge, information and belief.

_____
Stephen H. Vogt

SWORN TO AND SUBSCRIBED before me, Notary, this 9th day of June, 2006, at Baton Rouge, Louisiana.

_____
SUSAN N. SMITH (#78074)
NOTARY PUBLIC

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA LEE NAMIE | DOCKET NO.: _____ |
| VERSUS | JUDGE: _____ |
| STATE OF LOUISIANA THROUGH THE OFFICE OF COMMUNITY SERVICES LIVINGSTON PARISH | MAGISTRATE: _____ |

**************************************************************
## LIST OF PARTIES AND ATTORNEYS
**************************************************************

Upon information and belief, the undersigned counsel has determined that the following is a list of parties to this action and their attorneys:

**PLAINTIFF:**
Jill L. Craft
Attorney at Law
8702 Jefferson Highway, Suite B
Baton Rouge, LA 70809
Telephone: (225) 346-8777
Attorney for Plaintiff,
Amanda Lee Namie

**DEFENDANT:**
Stephen H. Vogt
Thibaut, Thibaut & Vogt, L.L.P.
7809 Jefferson Highway, Suite D-3
Baton Rouge, LA 70809-1200
Telephone: (225) 923-3200
Attorneys for Defendants,
State of Louisiana, through the
Department of Social Services,
Office of Community Services

Respectfully Submitted:

CHARLES FOTI
Attorney General

By_____
Stephen H. Vogt, T.A. (Bar Roll No. 07706)
John S. Thibaut, Jr. (Bar Roll No. 12731)
Special Assistant Attorney General
Thibaut, Thibaut & Vogt, L.L.P.
P. O. Box 36
Baton Rouge, LA 70821-0036
Telephone: 225-923-3200
Fax: 225-923-3208
Attorneys for Defendants,
State of Louisiana, through the
Department of Social Services,
Office of Community Services

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA LEE NAMIE | DOCKET NO.: _____ |
| VERSUS | JUDGE: _____ |
| STATE OF LOUISIANA THROUGH THE<br>OFFICE OF COMMUNITY SERVICES<br>LIVINGSTON PARISH | MAGISTRATE: _____ |

************************************************************************
**EXHIBIT "A"**
************************************************************************

## PLEADINGS FILED IN STATE COURT RECORD

**PLEADING:**

1. Petition for Damages;

2. Verification;

3. Citation to State of Louisiana, through Office of Community Services Livingston Parish.

19th JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NUMBER 542925 DIVISION "D"

AMANDA LEE NAMIE

VERSUS

STATE OF LOUISIANA, THROUGH OFFICE OF COMMUNITY SERVICES
LIVINGSTON PARISH

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION

The Petition of Amanda Lee Namie, a resident of the full age of majority of East Baton Rouge Parish, Louisiana, respectfully represents:

1.

Made defendant herein is the State of Louisiana through Office of Community Services Livingston Parish (hereinafter "OCS"), which is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, reasonable attorney's fees, all costs of these proceedings, and all such other relief to which Petitioner is entitled at law or in equity.

2.

In December 2004, Petitioner was employed by defendant OCS as a Child Welfare Specialist. At all times pertinent hereto, Petitioner was an "employee" of defendant OCS within the meaning and intent of the ADA, specifically, 42 U.S.C. §12111, and Louisiana's anti discrimination laws, La. R.S. 23:301, *et seq.*

3.

At all times pertinent hereto, defendant OCS was an "employer" within the meaning and intent of Federal and Louisiana law, and employed greater than 1000 persons.

4.

At all times pertinent hereto, Laura Hall, District Supervisor, and John Chewning, Supervisor, were "agents" of defendant OCS and were Petitioner's supervisors with immediate and successively higher authority over her employment with OCS.

5.

On May 9, 2005, Petitioner had a seizure while at work, and upon her return to work on May 11, 2005, she was subjected to discrimination and harassment on account of her disability,

multiple sclerosis. At all times pertinent hereto, Petitioner was a "qualified individual with a disability" within the meaning and intent of the ADA and Louisiana's anti discrimination laws.

6.

Upon Petitioner's return to work on May 11, 2005, Ms. Hall questioned Petitioner about her medical condition, and how it would affect her work and her driving. Ms. Hall also questioned Petitioner about the stress in her personal life and at work. Later that day, Ms. Hall and Mr. Chewning met with Petitioner and asked her questions about her medical condition such as, how long had she had multiple sclerosis, if this was her first seizure, and questions about the stress in her life. During this meeting, Petitioner was told that she could not return to work, and was forced to take leave. Petitioner was assured that her job performance was very good, but they had received "instruction" from Human Resources to let her go. Petitioner asked for accommodations and Ms. Hall stated that she did not think that could be done and defendant denied any accommodations.

7.

In May 2005, OCS sent a list of duties to Petitioner's physician and asked if she could perform them. The physician responded that Petitioner could perform all of the duties except driving. Petitioner arranged a meeting with her supervisors to again ask them to provide accommodations. Petitioner was again denied reasonable accommodations.

8.

On June 3, 2005, Ms. Hall called Petitioner and informed her that her leave expires on June 6th. Petitioner was asked by Ms. Hall to decide if she wanted to resign or be terminated based on her leave running out. Ms. Hall immediately called Petitioner back and stated that her leave expired at 3:00pm, and to send a letter that afternoon stating if she would resign or be terminated. Petitioner was terminated from her employment on account of her disability.

9.

Petitioner contends that she was harassed and discriminated against on account of her disability with multiple sclerosis. She additionally contends that defendant failed to reasonably accommodate her disability and that her termination from employment constituted the taking of adverse and/or tangible employment action.

10.

As a result of this matter, Petitioner has sustained damages which include, but are not

605081667002

limited to, extreme emotional distress, humiliation, embarrassment, past and future lost wages and benefits, past and future medical expenses, physical and emotional pain and suffering, loss of earning capacity, loss of enjoyment of life, and all such other damages as will be more fully shown at trial of this matter.

11.

The actions of defendant were extreme, outrageous, sudden and unexpected which caused Petitioner severe emotional distress, constituting the tort of intentional infliction of emotional distress, pursuant to La. Civ.C. Art. 2315, *et seq.*

12.

The actions of defendant constituted disability discrimination/harassment within the meaning and intent of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* and Louisiana's anti discrimination laws, La. R.S. 23:301, *et seq.*

13.

Petitioner is entitled to and desires an award of attorney's fees pursuant to Federal and Louisiana law.

14.

Petitioner shows that she has sent demand pursuant to La. R.S. 23:303 and, further that she has timely filed a Charge of Discrimination with the EEOC and LCHR. Petitioner has not yet received a Notice of Right to Sue and respectfully reserves her right to supplement and amend her petition thereafter.

15.

Petitioner is entitled to and desires an award of all such other relief to which she is entitled at law or in equity.

16.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, Amanda Lee Namie, prays for trial by jury and after due proceedings are had that there be judgment herein in her favor and against defendant OCS, for all sums as are reasonable under the premises, attorney's fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

6050816670U3

Respectfully submitted,

By:_____
Jill L. Craft, T.A., #20922
8702 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
(225) 928-5353

**Please Serve:**

Office of Community Services Livingston Parish
29940 South Magnolia Street
Livingston, La. 70754

CERTIFIED TRUE COPY
004633
DEPUTY CLERK OF COURT

19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH, LA
FILED
2006 MAY -2 PM 1:53
DEPUTY CLERK OF COURT

### CIVIL

| | |
|---|---|
| ☒ 01-DAMAGES | ☐ 11-COMM PROP. PARTITIONS |
| ☐ 02-CONTRACT | ☐ 12-PUBLIC SERV. COMM. |
| ☐ 03-PRISONER SUIT | ☐ 13-OTHER PARTITIONS |
| ☐ 04-EXECUTORY PROCESS | ☐ 14-OTHER |
| ☐ 05-SUIT ON NOTES | ☐ 15-D.E.Q. |
| ☐ 06-EVICTION | ☐ 16- |
| ☐ 07 WORKMENS COMPENSATION | ☐ 17- |
| ☐ 08-JUDICIAL REVIEW | ☐ 18- |
| ☐ 09-PROPERTY RIGHTS | ☐ 19- |
| ☐ 10-INJUNCTION MANDAMUS | ☐ 20- |

19th JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NUMBER _____ DIVISION "___"

AMANDA LEE NAMIE

VERSUS

STATE OF LOUISIANA, THROUGH OFFICE OF COMMUNITY SERVICES
LIVINGSTON PARISH

*************************************************************

### VERIFICATION

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary Public, personally came and appeared:

Amanda Lee Namie

a resident of the full age of majority of East Baton Rouge Parish, Louisiana, who upon being duly sworn did depose and state that she is the Petitioner in the above and foregoing Petition, that she has read same and all facts and allegations contained therein are true and correct to the best of her knowledge, information, and belief.

*Amanda Namie*

SWORN TO AND SUBSCRIBED before me, Notary Public, this 26th day of April, 2006.

*Angela L. Easley*
Angela L. Easley
#65506

CERTIFIED TRUE COPY 0046634

19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH, LA
FILED
2006 MAY -2 PM 1:53
DEPUTY CLERK OF COURT

2302-06-000757

# CITATION

AMANDA LEE NAMIE  
(Plaintiff)

NUMBER C542925 Division D

19th JUDICIAL DISTRICT COURT

vs.

PARISH OF EAST BATON ROUGE

LA STATE COMMUNITY SVS  
LIVINGSTON PARISH OFFICE  
(Defendant)

STATE OF LOUISIANA

TO: STATE OF LOUISIANA, THROUGH  
OFFICE OF COMMUNITY SERVICES LIVINGSTON PARISH  
29940 SOUTH MAGNOLIA, STREET  
LIVINGSTON, LA 70754

GREETINGS:

Attached to this citation is a certified copy of the petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 05-MAY-2006.

Deputy Clerk of Court for  
Doug Welborn, Clerk of Court

Requesting Attorney: JILL L CRAFT

Also attached are the following documents:
_____

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of _____, this _____ day of _____, 20____.

SERVICE:    $_____  
MILEAGE:    $_____          Deputy Sheriff  
TOTAL:      $_____          Parish of East Baton Rouge

CITATION (OOP) - 2302

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Amanda Lee Namie | State of Louisiana, through the Dept. of Social Services, Office of Community Services |
| **(b)** County of Residence of First Listed Plaintiff  East Baton Rouge Parish <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  East Baton Rouge Parish <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) <br> Jill L. Craft, 8702 Jefferson Highway, Suite B, Baton Rouge, LA 70809 (ph. 225-928-5353) | Attorneys (If Known) <br> Stephen H. Vogt, T.A./John S. Thibaut, Jr., P. O. Box 36, Baton Rouge, LA 70821 (ph. 225-923-3200) |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1441, et. seq.

Brief description of cause:
Wrongful employment termination based on ADA and discrimination statute.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $  CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE  DOCKET NUMBER

DATE: 06/09/2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 4699003158  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE